IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 23, 2013

**STATE OF TENNESSEE v. DICKIE RAY BAIN**

**Direct Appeal from the Circuit Court for DeKalb County**
**No. 2011-CR-166A      Leon C. Burns, Jr., Judge**

**No. M2012-01533-CCA-R3-CD - Filed September 17, 2013**

The appellant, Dickie Ray Bain, pled guilty in the DeKalb County Circuit Court to theft of property valued $1,000 or more, a Class D felony, and the trial court sentenced him as a Range III, career offender to twelve years to be served at sixty percent. On appeal, the appellant contends that the trial court committed reversible error by referring to the wrong offense during the sentencing hearing and that his sentence constitutes "cruel and unusual punishment." Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and JEFFREY S. BIVINS, JJ., joined.

James M. Judkins, Smithville, Tennessee, for the appellant, Dickie Ray Bain.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; Randall A. York, District Attorney General; and Greg Strong, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual Background**

In November 2011, the DeKalb County Grand Jury indicted the appellant for theft of property valued $1,000 or more but less than $10,000 and making a false statement to a law enforcement officer. On March 19, 2012, the appellant pled guilty to the theft charge, a Class D felony, and the remaining charge was dismissed. At the guilty plea hearing, the State

gave the following factual account of the crime:

> The state's proof would show that on July 25th, 2011, Dickie Bain did take a riding lawn mower from 703 Snow Street, the residence of Wayne Parkson, without Mr. Parkson's consent. The mower was valued at fifteen hundred dollars ($1,500.00).
>
> The State's proof further would show that a neighbor did see three men pull up and take the mower, and 40 minutes -- approximately 40 to 45 minutes later, a vehicle was pulled over pulling the mower behind it attached to a trailer. Inside the vehicle were -- was found to be Mark Goodson, Dickie Bain, and Jimmy Peck. Mr. Bain subsequently gave statements to police that he was with Mr. Goodson and Mr. Peck between the hours of 8:00 and 11:00 on the 25th, at which time the mower was taken.

Pursuant to the plea agreement, the trial court was to determine the length and manner of service of the sentence.

At the appellant's sentencing hearing, Byron Houston, a probation and parole officer, testified for the State that he prepared the appellant's presentence report and found that the appellant had twenty-six to twenty-eight prior felony convictions. Houston identified fifteen judgments of conviction, showing that the appellant pled guilty to two counts of aggravated burglary and one count of burglary in 1998; forgery, burglary, and theft of property valued more than $500 in 1999; and nine counts of forgery in 2004. The State introduced the judgments of conviction into evidence.

On cross-examination, Houston acknowledged that in some cases, the appellant pled guilty to multiple offenses at one time. However, he noted that many of the offenses occurred on different days.

The State also introduced the appellant's presentence report into evidence. According to the report, the then forty-three-year-old appellant was divorced with two daughters. The report shows that the appellant dropped out of high school but obtained his GED in 1989 and indicates that his only employment was with A.L. Bain in nursery landscaping from October 2003 to December 2003. The report lists a multitude of misdemeanor and criminal convictions. In addition to the felony convictions reflected on the fifteen judgments of conviction, the report shows that the appellant has eleven convictions for felony forgery, four convictions for misdemeanor theft, three convictions for simple possession, and

-2-

misdemeanor convictions for assault, public intoxication, possession of a controlled substance, driving under the influence, driving on a suspended license, possession of drug paraphernalia, and shoplifting. The report also shows that he pled guilty to violating probation in 2001.

Upon being questioned by the trial court, the appellant acknowledged that he had a lengthy criminal history. The trial court noted that efforts to rehabilitate him had been unsuccessful. In addition, the trial court noted that his serving some of his sentences on probation and parole and spending time in prison also had been unsuccessful. The trial court stated, "I guess the best thing going for us here is that we haven't had offenses in the last five or six years, that we know of." The trial court determined that the appellant was a Range III, career offender and sentenced him to the statutorily mandated sentence of twelve years be served at sixty percent.

## II. Analysis

The appellant contends that the trial court committed reversible error by referring to the wrong offense during the sentencing hearing and that his twelve-year sentence to be served at sixty percent constitutes "cruel and unusual punishment." The State argues that the trial court properly sentenced the appellant. We agree with the State.

Previously, appellate review of the length, range, or manner of service of a sentence was de novo with a presumption of correctness. See Tenn. Code Ann. § 40-35-401(d). However, in State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012), our supreme court announced that "sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" In determining a defendant's sentence, the trial court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also Bise, 380 S.W.3d at 697-98. The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

First, the appellant contends that he is entitled to a new sentencing hearing because the trial court referred to the wrong offense during the court's pronouncement of the sentence. At the conclusion of the hearing, the trial court stated, "It seems like an awful price

to pay for picking up somebody's metal beams, doesn't it, Mr. Bain?" The State advised the court that the appellant had a misdemeanor theft case that was going to be "nolled" and that "I believe it was the case of the beams that the Court referred to." The trial court answered, "All right." Although the appellant contends that he "had a right to be sentenced to a crime he committed, not one that he was not proven to have committed," the State corrected the trial court, and the trial court was well-aware that this case involved a Class D felony theft. Therefore, we discern no error.

Next, the appellant contends that his twelve-year sentence to be served at sixty percent constitutes cruel and unusual punishment in that it is disproportionate for an individual who informed the trial court at his guilty plea hearing that he developed a MRSA infection after back surgery, was in an induced coma, lost one of his lungs, and had a "messed up" liver. We disagree with the appellant. Our Code requires that a career offender serve the maximum sentence within the applicable range and serve sixty percent of the sentence prior to being eligible for release. See Tenn. Code Ann. §§ 40-35-108(c), -501(f). The appellant does not contest that he qualifies as a Range III, career offender. Given the appalling length of his criminal record, we conclude that there is no inference of "gross disproportionality" under the facts of this case. See State v. Harris, 844 S.W.2d 601, 603 (Tenn. 1992). Therefore, the trial court did not abuse its discretion in sentencing the appellant.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE